IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| POULIKAEEVA FINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL NO. 2:07-CV-00165-TJW-CE |
| | § | |
| EVERGREEN AVIATION GROUND | § | |
| LOGISTICS ENTERPRISE, INC., AND | § | |
| CHARLATTE OF AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CHARLATTE OF AMERICA, INC.'S REPLY TO FINE'S RESPONSE TO CHARLATTE'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND ENTRY OF DEFAULT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) AND MEMORANDUM IN SUPPORT**

Defendant Charlatte of America, Inc. ("Charlatte" or "Defendant") hereby submits its Reply to Fine's Response to Charlatte's Motion to Set Aside Default Judgment and Entry of Default under Federal Rule of Civil Procedure 60(b) and Memorandum in Support ("Motion," "Response," and "Reply" respectively), and would respectfully show the Court as follows:

### I.   INTRODUCTION

1.   The sequence of events are undisputed, and, with a few key exceptions, the controlling law is undisputed. Charlatte does dispute Plaintiff Poulikaeeva Fine's ("Fine" or "Plaintiff") characterization of the underlying facts and the application of those facts to the law in this case.

### II.   ARGUMENT AND AUTHORITIES

2.   The Fifth Circuit continues to disfavor default judgments. *Cf.* Response at p.2, ¶ 7 (citing *In re State Exch. Fin. Co.*, 896 F.2d 1104, 1106 (7th Cir. 1990) (holding that "this court," has moved away from the traditional view).[1] The Eastern District of Texas has recently endorsed the

---

[1] *See* Motion at p.6, ¶19 citing Fifth Circuit cases; *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001); *Goldstein v. Gordon*, No. Civ. A. 300CV0022P, 2002 WL 32489, at *2 (N.D. Tex. Feb. 27, 2002) (not designated for publication) (citing *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962); *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

traditional view as well. *Owens-Ill., Inc. v. T&N Ltd.*, 191 F.R.D. 522, 525 (E.D. Tex. 2000).

**A.    The Default Judgment should be set aside under Rule 60(b)(1).**

3.    The parties agree to the pertinent factors under Rule 60(b)(1) in evaluating excusable neglect. They diverge however, in their application of these factors to the facts of this case.

    **1.    No Prejudice to Plaintiff**

4.    Plaintiff allegations of harm are pure speculation. *See* Response at p.3, ¶8 ("Plaintiff's case *could* be severely hampered ..."). Plaintiff was required, however, to show more than the mere possibility of prejudice.[2] It is only where the nonmovant "can present evidence of prejudice that is substantial and cannot be relieved by imposing terms or conditions, the court may be persuaded to deny the motion...." *Goldstein*, 2002 WL 32489, at *5.

    *i.    No evidence that Plaintiff's access to evidence has been impeded*

5.    Plaintiff's allegations regarding the whereabouts of the Electric Tug [Response at p.3, ¶8-9] are speculative. Even if the Electric Tug was "repaired, replaced, damaged by the elements,"[3] etc., there are no facts to suggest that this "prejudice" was a result of Charlatte's delay.

6.    In *McGarrah v. Kmart Corp.*, possible difficulties in accessing evidence (potential witnesses) was not a prejudice where there was no evidence that the potential difficulties were an actual result of the delay in defendant's answer. 1998 WL 760275, at *2. There is no evidence that the information would have been available but for delay in answering the complaint.

7.    Fine's argument makes an inadvertent admission—that he has no evidence of a defect and has simply alleged such a defect and left it to Charlatte to prove him wrong. Fine's Response [p. 3, ¶ 9] makes clear he has never inspected the Electric Tug, or sought to preserve it

---

[2] *Hibernia Nat'l Bank v. Admin. Cent. S.A.*, 776 F.2d 1277, 1280 (5th Cir. 1985); *see also, Owens-Ill., Inc.*, 191 F.R.D. at 526; *Goldstein*, 2002 WL 32489, at *5; *McGarrah v. Kmart Corp.*, No. CIV.A. 3:97-CV-2386G; 1998 WL 760275, at *2 (N.D. Tex. Oct. 22, 1998) (mem. op.).

[3] *See* Response at p.3, ¶8.

for inspection. Charlatte is not accountable for Plaintiff's allege now, investigate later, strategy.[4]

8.     Both Charlatte and DFW Airport did investigate however, as reflected in Exhibit A-1 [DFW Report] and Exhibit A-2 [Charlatte Report], attached to the Motion. Both of these reports contain much of the information Plaintiff laments may be unavailable.

### ii.     *No evidence that witness' memories have been impaired*

9.     Plaintiff bare allegation that witnesses' memories may "have become cloudy,"[5] falls short of showing actual prejudice. The evidence is to the contrary. The DFW Officer recorded his findings and opinions in a detailed report. *See* Motion, Exhibit A-1. The Charlatte representative also filed a written report within days of the accident. *See* Motion, Exhibit A-2. This key information is preserved and Plaintiff's allegations are unsupported.

### iii.     *Charlatte has acted in good faith*

10.     Finally, Plaintiff predicts that Rule 60(b) Motions could become the "poisoned arrow" of the future, in strategizing a successful products liability defense. *See* Response at p.4, ¶10. This argument ignores the fact that Charlatte had no actual notice of the suit and that when informed, Charlatte immediately took action. Plaintiff has essentially proposed an exception for all products-defects cases, shortening the one year time bar. There is no viable rationale to support a departure from the well established one year allowance for parties to file Rule 60 motions.

### 2.     **Defendant has asserted a meritorious defense.**

11.     The undisputed DFW Accident Report completed by DFW's Assistant Airfield Operation Manager it what revealed Plaintiff "is to blame"[6] for the injuries he suffered. *See* Motion,

---

[4] It has also come to Charlatte's attention that Plaintiff has informally agreed to set aside the default judgment as to Defendant Evergreen Aviation Ground Logistics Enterprises, Inc. ("Evergreen") because Plaintiff has been receiving workers compensation benefits since the time of his accident and Plaintiff's counsel was unaware of this fact when it filed suit and when it obtained the default judgment. Under Texas workers compensation law, this is very likely an absolute bar to Plaintiff's claims against Evergreen.

[5] *See* Response at p.3, ¶8.

[6] *See* Response at p.4, ¶11.

Exhibit A-1. The report stated plainly that Fine was not wearing his seat belt. *Id.*. Plaintiff cannot deny the common sense conclusion that there is a correlation between the types of injuries he suffered and his failure to wear a seatbelt while operating the Electric Tug.

12. Given the Plaintiff's manifest failure to conduct any pre-suit investigation as to the merits of its claims against Charlatte or Evergreen, its arguments in paragraph 11 of its Response are disingenuous. The requirement of a meritorious defense is intended only to ensure that the court's order vacating the judgment is not an exercise in futility, *Owens-Ill., Inc.*, 191 F.R.D. at 526, and based on a review of the facts before this Court, at a minimum, Charlatte will have a viable defense of contributory/comparative fault that will likely lead to a different result.

### 3. Defendant's failure to answer is excusable.

13. Plaintiff relies heavily on the *Pioneer*[7] decision for to much. In fact, the *Pioneer* Court affirmed that the attorney's failure to timely file a proof of claim was in fact excusable. 507 U.S. at 397. It is not novel that "[e]xcusable neglect under Rule 60(b)(1) may arise from mistakes of counsel." *U.S. v. One 1996 Chevrolet Pickup Truck*, 56 F.R.D. 459, 462 (E.D. Tex. 1972).[8]

14. The balance of case law Plaintiff cites, fails to support his position. In *Llewellyn*[9] and *Pincay*[10] that an attorneys' failure to know the law governing his practice was inexcusable neglect. 139 F.3d at 666, and 351 F.3d at 951.. Charlatte has not alleged that its failure to file an answer was due to a mistake in calculating a deadline. Therefore, these cases are inapposite.

15. Likewise, the Seventh Circuit holdings in *Sparrow*[11] and *7108 West Grand Avenue*[12] both stand for the mundane proposition that *in*excusable neglect is not a basis for Rule 60 relief.

---

[7] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), cited at length in the Response at pp.5-6, ¶12.

[8] Plaintiff relies too heavily on the fact that Charlatte's registered agent is an attorney. In this circumstance, Mr. Grayson was merely acting in his capacity as a registered agent.

[9] *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664 (9th Cir. 1997).

[10] *Pincay v. Andrews*, 351 F.3d 947 (9th Cir. 2003).

[11] *Sparrow v. Heller*, 116 F.3d 204 (7th Cir. 1997).

[12] *U.S. v. 7108 West Grand Ave.*, 15 F.3d 632 (7th Cir. 1994).

Further, the factual scenarios provide no relevant analogy to the current circumstances.

16.   In *Rogers*[13] a copy of the complaint was not received by Hartford's counsel.  *Cf.* Response at p.7, ¶14.  Still, Hartford had *actual knowledge* of the suit due to the registered agent's phone call notifying it that the complaint was in transit.  *Id.* at 939.  Here, it is undisputed that Charlatte had no actual knowledge of the suit.[14]

17.   Reliance on the Eleventh Circuit decision in *Gibbs*[15] fails under the same reasoning—the actual defendant was notified of the suit and that the complaint was in transit.  810 F.2d at 1537.

18.   The registered agent's error in failing to forward the complaint to Charlatte was not due to a legal error, but an inadvertent accident and/or mistake that constitutes excusable neglect.

### 4. Other Factors.

19.   Charlatte has acted in good faith.  Upholding the default judgment would have a detrimental impact on Charlatte's business, as more fully explained in the Affidavit of Mike Fuller, the Vice President of Finance at Charlatte.[16]  The size of the award is the relevant factor, not whether it is perceived as excessive.[17]  A $1,750,000.00 verdict qualifies as large.

### B.   The Default Judgment should be set aside under Rule 60(b)(6)

20.   Charlatte agrees that relief under Rule 60(b)(6) is generally reserved for extraordinary circumstances,[18] and submits that the culmination of a severe health emergency and a change in personnel at the registered agent's office and the undisputed fact that Charlatte never received actual notice, coupled with the obvious and inexcusable failure of Plaintiff to conduct a pre suit investigation, is a sufficient basis for the Court to grant relief under the rule.

---

[13] *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999).

[14] *See* Fuller Aff. at ¶9, Exhibit A to the Motion; Grayson Aff. at ¶7, Exhibit B to the Motion.

[15] *Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir. 1987).

[16] To let the Default Judgment stand would have a severe and detrimental effect on Charlatte's business and its 34 employees in that the economic impact associated with the Default Judgment would have a significant and material adverse effect on Charlatte. Fuller Aff. at ¶10.

[17] *See* citations in Motion at p.13, at ¶42 & n.33.

[18] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

### III.  PRAYER

WHEREFORE, Defendant Charlatte respectfully request this Court grant its Motion to Set Aside Default Judgment and Entry of Default under Federal Rule of Civil Procedure 60(b) as to Defendant Charlatte and that this matter be placed on the trial docket, so that the outcome may be determined by a trial on the merits, and for such other relief to which the Court may deem appropriate or equitable.

May 15th, 2008

                                                               RESPECTFULLY SUBMITTED,

                                                               /S/FREDERICK W. ADDISON, III _____
FREDERICK W. ADDISON, III
SB No. 00903350
LEA N. CLINTON
SB No. 24045018
MUNSCH HARDT KOPF & HARR, P.C.
3800 LINCOLN PLAZA
500 NORTH AKARD
DALLAS, TEXAS 75201
TELEPHONE: (214) 855-7500
FACSIMILE: (214) 855-7584
RADDISON@MUNSCH.COM
LCLINTON@MUNSCH.COM

COUNSEL FOR DEFENDANT
CHARLATTE OF AMERICA, INC.

### CERTIFICATE OF SERVICE

This is to certify that the undersigned caused a true and correct copy of the foregoing to be served via regular first class mail, on this 15th day of May, 2008:

E. Todd Tracy
The Tracy Firm
5473 Blair Road, Suite 200
Dallas, TX  75231

                                                               /S/FREDERICK W. ADDISON III _____
FREDERICK W. ADDISON III